ZINGALE in re

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9500. Decided Mar 4, 1929

L E Appleton, Cleveland, for Zingale.
Carl F Shuler, Cleveland, for Walsh.

Judges WILLIAMS and RICHARDS of the Sixth Dist sitting

**WILLIAMS, J.**

Under **Section 4134, General Code,** an officer vested by statute with authority to manage a workhouse, may allow a prisoner to go upon parole outside of the buildings and enclosures, but during such time the prisoner remains in the legal custody and under control of such officer, and subject at any time to be taken back within the enclosure of the institution. While on parole, under this section, the prisoner is as much in custody as if he still remained in the workhouse, and the only power in the municipal court, if any, was to order the part of the sentence that was suspended to be carried into execution. The court, however, had no jurisdiction or power to make an order which would interfere with the parole, and if the municipal court ordered the sentence to be fully executed it would merely increase the length of time which the convicted person was required to serve, but would not revoke the parole. The order of the municipal court, in so far as it required the arrest of relator, was wholly beyond the jurisdiction of the municipal court and absolutely void. Whether the prisoner should be in legal custody within the walls of the workhouse or without the wall on parole, was vested wholly in the discretion of the manager of the workhouse. With this discretion the municipal court could not interfere, even though it had power to order the suspended part of the sentence carried into execution.

The court made no order that the relator should stand committed until the fine and costs were paid, secured to be paid, or he was otherwise discharged according to law. The full period of both sentences has now expired and, as the relator has been in custody during the whole period and the sentence is fully executed, to arrest him now would serve no purpose.

The judgment of the court of common pleas is reversed and this court, rendering the judgment which the common pleas court should have rendered, allows the writ of habeas corpus, and the relator is discharged from the custody under the order of arrest issued by the municipal court at the April, 1928, term of said court.

Richards, J, I concur in the judgment discharging the relator from custody.

Lloyd, J, not participating.